GARTH, Circuit Judge,
concurring.
I concur in the court’s opinion and write separately to express my concern with the district court’s having rendered summary judgment in this case before it resolved the outstanding discovery matters. See, e.g., Fed. Rule Civ. Proc. 56(f). The Supreme Court has stated: “In our view the plain language of Rule 56(e) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party’s ease, and on which that party will bear the burden of proof at trial.” Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Thus, “[sjummary judgment may not be granted if the nonmoving party has had inadequate time to conduct discovery.” United States v. Bliss, 667 F.Supp. 1298, 1311 (E.D.Mo.1987).
In the instant ease, although Davis had timely sought discovery, the district court did not permit discovery to be completed prior to entering summary judgment for FEMA. On July 11, 1994, only weeks after Davis sought discovery, FEMA moved to stay all discovery pending the district court’s ruling on the summary judgment motion. This motion prevented the conduct of any discovery or responses to any discovery requests until such time as the district court ruled on the motion. Davis did the only thing he could under the circumstances. He opposed FEMA’s motion and waited for. the district court’s ruling. However, the district court never ruled on the motion to stay discovery prior to ruling on the- summary judgment motion. FEMA’s motion to stay discovery was pending before the district court for seven months prior to its summary judgment ruling. The district court’s failure to resolve the motion for stay (and thus the issue of discovery) prior to ruling on the summary judgment motion, was an abuse of discretion.
It may be that if discovery had been allowed to proceed, as I assume it will proceed on remand, Davis’s claims might well have been fleshed out. An explanation, not yét afforded, could be forthcoming as to why, among other things, Davis’s insurance .coverage was increased from $180,000 to $185,000 and why FEMA accepted premiums for two and a half years for $185,000 of coverage but now claims that only about $40,000 can be considered.